UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RYECHINE A. MONEY, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | No. 4:14CV422 CEJ |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM**

This matter is before the Court upon review of movant=s response to the order to show cause. Having carefully reviewed movant=s response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. ' 2255.

**Background**

On March 3, 2011, movant pled guilty to interference with interstate commerce by force and violence, 18 U.S.C. §§ 2 and 1951(a), and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1). On May 31, 2011, the Court sentenced movant to 235 months' imprisonment. Movant appealed, and the Eighth Circuit Court of Appeals issued its final judgment affirming the sentence on February 22, 2012.

Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. According to movant, he signed and placed the motion in the prison mail system on November 29, 2013.[1] Upon initial review of the motion, the Court determined that the statute of limitations expired on or about May 22, 2013. Thus, if movant's statement is accepted as true, the motion to vacate was more than six months late. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United*

---

[1] The motion to vacate was not actually received by this Court until March 6, 2014.

*States*, 537 U.S. 522, 527 (2003) (for a defendant who does not file a writ of certiorari, the judgment of conviction becomes final when the time for filing a certiorari petition with the United States Supreme Court expires); Supreme Court Rule 13(1) (the time to file a petition for writ of certiorari is ninety (90) days after the date of entry of the judgment appealed from). In lieu of dismissal, the Court ordered movant to show cause why his motion to vacate should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

## Discussion

Movant asserts that he should be entitled to assert the defense of equitable tolling in this action. Specifically, movant claims that he was in the Special Housing Unit with limited access to the law library at the USP in Terre Haute, Indiana. He claims that he is in need of an extension of time to gather records from "as far back as July 2011"[2]

The one-year limitations period set forth in § 2255(f) may be equitably tolled when a movant establishes A(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.@ *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner Aan exceedingly narrow window of relief.@ *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's

---

[2] The one-year statute of limitations in this case did not begin to run until 90 days after February 22, 2012, the date on which the Eighth Circuit entered the final judgment affirming movant's sentence.

2

control); *see also Preston v. Iowa*, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); *Kreutzer*, 231 F.3d at 463 (holding that counsel's confusion about applicable statute of limitations does not warrant equitable tolling).

In this case, movant has not shown that any extraordinary and wholly external circumstances prevented him from seeking relief in a timely manner.

Movant first argues that at some unidentified time period he sent "several cop-outs from Terre Haute (USP) as a track record showing that [he] was doing everything in [his] power to handle [his] legal affairs."[3] Movant seems to be asserting that during some of his time in "Terre Haute" he was residing in the Special Housing Unit ("SHU") and he had "limited" time in the law library. He further states that pursuant to prison policy, prisoners were not provided their legal materials unless they had "active and pending litigation."

Movant's request for an extension of time to "get all his facts in line" to seek equitable tolling in this action will be denied for the following reasons. First, movant has not established the time period during which he had limited access to the law library, as he does not state the dates of his incarceration in Terre Haute USP or the dates on which he was held in the Special Housing Unit in that facility. Second, movant does not allege that he was *completely impeded* from filing lawsuits on his own behalf during the period of his incarceration in the Terre Haute SHU. The affidavits attached to his motion to vacate state that the guards were understaffed in the *Beaumont*

---

[3] Movant has appended five "Inmate Requests to Staff" to his motion to vacate. However, they are not dated and the handwriting is virtually unreadable. Additionally, there is no indication of the subject matter of the requests or what facility they were filed in. Moreover, movant has not attached any responses relative to his requests. As such, the Court has been unable to ascertain the relevance of the inmate requests to this proceeding.

*SHU*[4], had little time to transport prisoners to the law library at that specific facility, and didn't like to provide prisoners with their legal materials at that facility unless they had an ongoing case.

Furthermore, movant does not allege that he was impeded in sending or receiving mail during his incarceration in the Terre Haute SHU. Upon request, inmates may obtain from the Court blank printed forms for use in preparing motions to vacate. Indeed, movant used such a form in this case. If movant was required to have an active case in order to obtain law library privileges, he could have requested the form earlier. Thus, the Court finds movant's allegations of limited law library access unavailing for equitable tolling purposes.

Movant's vague assertions about counsel's "ineffective assistance" are not sufficient to justify equitable tolling. The Eighth Circuit has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir.2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

****

---

[4] Movant states that he placed his motion to vacate in the prison mail system on November 29, 2013 while he was incarcerated in the Beaumont SHU. This statement squarely contradicts the statement movant makes in his affidavit that he was "consistently denied access to legal materials" while confined in the Beaumont SHU.

Because the motion is time-barred, it will be denied. An order consistent with this Memorandum will be filed separately.

Dated this 20th day of May, 2014.

                                                                    _____
                                                                    CAROL E. JACKSON
                                                                    UNITED STATES DISTRICT JUDGE